| | AUSA: | Barrington Wilkins | Telephone: (313) 226-9621 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | Jason A. Bylow | Telephone: (734) 676-2972 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Juan Daniel CUEVAS-ZAPATA

Case: 2:19-mj-30347
Assigned To : Unassigned
Assign. Date : 6/19/2019
Description: CMP USA v. CUEVAS-ZAPATA (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 12, 2019__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about June 12, 2019, at or near Southgate, Michigan, in the Eastern District of Michigan, Southern Division, Juan Daniel CUEVAS-ZAPATA, an alien from Mexico was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about May 20, 2015 at Laredo, Texas and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_Complainant's signature_

Jason A. Bylow, Border Patrol Agent
_Printed name and title_

Sworn to before me and signed in my presence.

Date: __JUN 1 9 2019__

_Judge's signature_

City and state: __Detroit, Michigan__

David R. Grand, United States Magistrate Judge
_Printed name and title_

ELIZABETH A. STAFFORD

# AFFIDAVIT

I, Jason A. Bylow, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Juan Daniel CUEVAS-ZAPATA, which attests to the following:

2. CUEVAS-ZAPATA is a 23-year-old male, native and citizen of Mexico, who last entered the United States at an unknown place, on an unknown date without being admitted, inspected or paroled by an Immigration Officer.

3. On May 16, 2015, CUEVAS-ZAPATA was arrested by the U.S. Border Patrol near Laredo, Texas, and he was processed as an Expedited Removal. On May 18, 2015, CUEVAS-ZAPATA was ordered removed by a designated immigration official.

4. Following the above mentioned arrest by the U.S. Border Patrol, CUEVAS-ZAPATA was convicted of Unlawful Entry in violation of 8 U.S.C. § 1325 on May 19, 2015 in the U.S. District Court for the Southern District of Texas, and sentenced to 5 days confinement time served.

5. On May 20, 2015, CUEVAS-ZAPATA was removed from the United States to Mexico at Laredo, Texas.

5. On June 12, 2019, CUEVAS-ZAPATA was encountered by the U.S. Border Patrol near Southgate, Michigan after a call was received by the Gibraltar Border Patrol Station for assistance from the Southgate, Michigan Police Department. CUEVAS-ZAPATA freely admitted to Border Patrol agents that he is a citizen of Mexico who had illegally entered the United States after having been previously removed. CUEVAS-ZAPATA was placed under administrative arrest and transferred to the Gibraltar Border Patrol Station for processing.

6. CUEVAS-ZAPATA's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that CUEVAS-ZAPATA is a citizen of Mexico who has been previously removed from

the United States. The record checks did not provide any evidence that CUEVAS-ZAPATA legally entered the United States or had been issued any legal immigration document to allow him to enter or remain the United States.

7. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

8. Review of the Alien File (A# xxx xxx 088) for Juan Daniel CUEVAS-ZAPATA and queries in U.S. Border Patrol computer databases confirm no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on May 20, 2015.

9. Based on the above information, I believe there is probable cause to conclude that Juan Daniel CUEVAS-ZAPATA is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a)(1).

_____
Jason A. Bylow, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable David R. Grand   ELIZABETH A. STAFFORD
United States Magistrate Judge

2